# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY ROSIERE | CIVIL ACTION |
| VERSUS | NO.07-1265 |
| WOOD TOWING, LLC | SECTION: "C" (2) |

## ORDER AND REASONS

Before the Court are three motions filed by defendant Wood Towing, LLC: 1) Motion *in Limine* to Exclude the Expert Report and Opinion Testimony of John C. Manders (Rec. Doc. 45); 2) Motion *in Limine* to Exclude Testimony of Dr. Gorman (Rec. Doc. 46); and 3) Motion *in Limine* to Exclude Testimony of Dr. Shamsnia (Rec. Doc. 47). Plaintiff has filed opposition memoranda regarding Dr. Gorman (Rec. Doc. 50) and Dr. Shamsnia (Rec. Doc. 49). The Court has been informed that plaintiff no longer intends to call John C. Manders as an expert witness in this case. Accordingly, defendant's motion regarding Mr. Manders is rendered moot. The remaining motions were taken under advisement on the briefs without oral argument. Based on the memoranda by the parties, the applicable law and the record in this case, the Court denies defendant's motions for the following reasons.

I.   **BACKGROUND**

Plaintiff was allegedly injured on October 8, 2006 while working as a deckhand for defendant. The parties contest both the extent and causation of the injuries allegedly suffered by the plaintiff. This matter is set for a bench trial on April 13, 2009.

## II. LAW AND ANALYSIS

Federal Rule 702 governs the admissibility of expert testimony and reports. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) establishes a two-part test for the admissibility of expert opinion. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).

Defendant challenges Dr. Gorman's testimony regarding the future care and treatment of the plaintiff. Dr. Gorman is plaintiff's rehabilitation consultant and life care planner. Defendant claims that Dr. Gorman's testimony is unreliable and speculative because his opinions lack a reasonable medical foundation. (Def. Mem. 5, 6). Defendant's memorandum argues in particular that the medical evidence does not support type of treatment contained in Dr. Gorman's rehabilitative assessment. Dr. Gorman's report, attached to Defendant's memorandum, however, specifies the medical basis for his testimony. On pages 1 and 2 of his report, Dr. Gorman details the medical records reviewed along with pertinent findings by each treating physician. In addition, plaintiff submits excerpts from the deposition testimony of Drs.

Phuong Nguyen and Morteza Shamsnia, which provide an adequate medical basis for Dr. Gorman's opinion, as contained in his June 16, 2008 report, to be considered sufficiently reliable under *Daubert*.

Defendant also challenges the testimony of Dr. Morton Shamnsia. Defendant claims that 1) Dr. Shamnsia is not qualified to testify as an expert on epilepsy and that 2) Dr. Shamnsia's opinion regarding causation is not supported by "reliable scientific methodology" because it is based exclusively on plaintiff's allegedly contradictory and incomplete self-reported history . (Def. Mem. 2, 3). As to the first, Dr. Shamnsia's curriculum vitae indicates he was certified in Electrodiagnostic Medicine in 1989 and is a member in the American Association of Electro-diagnostic Medicine. Moreover, plaintiff provides evidence that the American Board of Electrodiagnostic Medicine is an independent credentialing body whose credentialing test includes, among other subjects, the topics of seizures and epilepsy. (Pltf. Opp., Ex. F). As to the second, Dr. Shamnsia testified in his deposition that his causation opinion is based on the plaintiff's medical records (including MRI and EMG studies) as well as the plaintiff's self-reported history. (Pltf. Opp., Ex. H at 7). Therefore, without regard to defendant's allegations that plaintiff's allegations are ill-founded and incomplete, Dr. Shamnsia's reliance on additional objective medical evidence is adequate to find his methodology sufficiently reliable under *Daubert*.

## III.    CONCLUSION

Accordingly,

IT IS ORDERED that defendant's Motion *in Limine* to Exclude the Expert Report and Opinion Testimony of John C. Manders (Rec. Doc. 45) is rendered MOOT;

IT IS FURTHER ORDERED THAT defendant's Motion *in Limine* to Exclude Testimony of Dr. Gorman (Rec. Doc. 46) and defendant's Motion *in Limine* to Exclude Testimony of Dr. Shamsnia (Rec. Doc. 47) are DENIED.

New Orleans, Louisiana, this 19th day of March, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**