# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY ROSIERE | CIVIL ACTION |
| VERSUS | NO.07-1265 |
| WOOD TOWING, LLC | SECTION: "C" (2) |

## ORDER AND REASONS

Before the Court are two motions filed by defendant Wood Towing, LLC: 1) Motion *in Limine* to Exclude Testimony of Dr. Womack (Rec. Doc. 71) and 2) Motion *in Limine* to Exclude Evidence Regarding Timber Ridge Ranch (Rec. Doc. 72.) Plaintiffs oppose the motions. (Rec. Doc. 74, 75.) The motions were taken under advisement on the briefs without oral argument. Based on the memoranda by the parties, the applicable law and the record in this case, the Court denies defendant's motions for the following reasons.

## I. BACKGROUND

Plaintiff was allegedly injured on October 8, 2006 while working as a deckhand for defendant. The parties contest both the extent and causation of the injuries allegedly suffered by the plaintiff. This matter is set for a bench trial on April 13, 2009.

## II. LAW AND ANALYSIS

Motion *in Limine* to Exclude Testimony of Dr. Womack (Rec. Doc. 71)

Federal Rule 702 governs the admissibility of expert testimony and reports. It states:

If scientific, technical, or other specialized knowledge will assist the trier of fact

> to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) establishes a two-part test for the admissibility of expert opinion. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).

Defendant objects to the testimony by plaintiff's expert economist, Dr. Womack, as it relates to the need for life care planning because he relies on the data and information provided by plaintiff's life care planner, Dr. Gorman. Defendant claims that Dr. Womack's testimony is unreliable because Dr. Gorman's testimony lacks an adequate medical basis. Unless wholly unreliable, the data on which the expert relies goes to the weight and not the admissibility of the expert opinion. *See e.g.*, *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir.1996) ("As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration."). This Court has previously found Dr. Gorman's testimony regarding the medical basis for plaintiff's life care plan to be sufficiently reliable to be admitted under *Daubert* standards. (Rec. Doc. 54.) Dr. Womack's economic analysis, relying on figures and

data provided in Dr. Gorman's testimony, is accordingly sufficiently reliable to be admitted under *Daubert* standards.

Motion *in Limine* to Exclude Evidence Regarding Timber Ridge Ranch (Rec. Doc. 72.)

Defendant seeks to exclude testimony by any Timber Ridge Ranch employee and any evidence of the cost of plaintiff's treatment at Timber Ridge. Defendant alleges that Timber Ridge Ranch has an unlawful interest in the outcome of the litigation and will be paid on a contingency fee basis. Plaintiff claims that he alone is ultimately responsible for any balance due and that Timber Ridge Ranch has merely postponed payment until this litigation is resolved. While defendant does not state the specific rule of evidence barring the Timber Ridge evidence, Fed. R. Evid. 401, 402 and 702 could apply.

Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible." Relevant evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that evidence." Fed. R. Evid. 401. Defendant could claim that the evidence by Timber Ridge Ranch is not reliable or accurate because of their bias and interest in recovering payment. Other than the financial agreement, defendant has failed to produce any tangible evidence of bias or interest sufficient to bar admission of the evidence. As such, defendant's arguments go to the weight, not admissibility, of the evidence.

Likewise under Fed. R. Evid. 702, defendant has failed to produce any evidence that in this instance, Timber Ridge failed to follow its normal procedures in arriving at its medical opinions or that the testimony is not derived from reliable procedures. Rather, defendant asks this Court to infer an ulterior and nefarious motive to the testimony of any Timber Ridge Ranch

employee and on that basis bar their testimony. That the Court will not do. Any such evidence produced at trial will go to the weight, not the admissibility, of th evidence.

### III.  CONCLUSION

Accordingly,

IT IS ORDERED THAT defendant's Motion *in Limine* to Exclude Testimony of Dr. Womack (Rec. Doc. 71) and Motion *in Limine* to Exclude Evidence Regarding Timber Ridge Ranch (Rec. Doc. 72) are DENIED.

New Orleans, Louisiana, this 7th day of April, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**